| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Jesse S. Hernandez (Bar No. 92708)<br>D. Damon Willens (Bar No. 137273)<br>ANDERSON, McPHARLIN & CONNERS LLP<br>444 South Flower St., 31st Floor<br>Los Angeles, CA 90071<br>TEL: (213) 688-0080 FAX: (213) 622-7594<br><br>☐ *Individual appearing without counsel*<br>☒ *Attorney for:* Moving Party WELLS FARGO BANK, N.A. | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re<br>MARCUS J. SAMPSON II<br><br><br>Debtor(s). | CHAPTER: 7<br>CASE NO.: 2:08-BK-25932-SB<br>DATE: 1/26/10<br>TIME: 2:00 P.M.<br>CTRM: 1475<br>FLOOR: 14 |
|---|---|

**NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY**
**UNDER 11 U.S.C. § 362 (with supporting declarations)**
**(MOVANT: WELLS FARGO BANK )**
**(Action in Non-bankruptcy Forum)**

1. NOTICE IS HEREBY GIVEN to the Debtor(s) and Trustee (if any)("Responding parties"), their attorneys (if any), and other interested parties that on the above date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting relief from the automatic stay as to Debtor(s) and Debtor's(s') bankruptcy estate on the grounds set forth in the attached Motion.

2. **Hearing Location:**   ☒ 255 East Temple Street, Los Angeles   ☐ 411 West Fourth Street, Santa Ana
   ☐ 21041 Burbank Boulevard, Woodland Hills   ☐ 1415 State Street, Santa Barbara
   ☐ 3420 Twelfth Street, Riverside

3. a. ☒ This Motion is being heard on REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response to this Motion with the Bankruptcy Court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and must appear at the hearing of this Motion.

   b. ☐ This Motion is being heard on SHORTENED TIME. If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence must be filed and served:

   ☐ at the hearing   ☐ at least _____ court days before the hearing.

   (1) ☐ A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).

   (2) ☐ A Motion for Order Shortening Time was filed per Local Bankruptcy Rule 9075-1(b) and was granted by the Court.

   (3) ☐ A Motion for Order Shortening Time has been filed and remains pending. Once the Court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time, and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion.

4. You may contact the Bankruptcy Clerk's Office to obtain a copy of an approved court form for use in preparing your response *(Optional Court Form F 4001-1.RES)*, or you may prepare your response using the format required by Local Bankruptcy Rule 9004-1 and the Court Manual.

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009                                                                                               F 4001-1M.NA

Motion for Relief from Stay (Non-bankruptcy Action) - *Page 2 of* 30   **F 4001-1M.NA**

| In re | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| MARCUS J. SAMPSON II | Debtor(s). | CASE NO.: 2:08-BK-25932-SB |

5. If you fail to file a written response to the Motion or fail to appear at the hearing, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Dated: 12/30/09

ANDERSON, McPHARLIN & CONNERS LLP
*Print Law Firm Name (if applicable)*

D. DAMON WILLENS
*Print Name of Individual Movant or Attorney for Movant*

*Signature of Individual Movant or Attorney for Movant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*   **F 4001-1M.NA**

Motion for Relief from Stay (Non-bankruptcy Action) - *Page 3 of* 30  **F 4001-1M.NA**

| In re<br>MARCUS J. SAMPSON II | (SHORT TITLE)<br>Debtor(s). | CHAPTER: 7<br>CASE NO.: 2:08-BK-25932-SB |
|---|---|---|

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY
### (MOVANT: WELLS FARGO BANK )

1. **The Non-bankruptcy Action:** Movant moves for relief from the automatic stay as to Debtor(s) and Debtor's(s') bankruptcy estate with respect to the following pending lawsuit or administrative proceeding (the "Non-bankruptcy Action") in a non-bankruptcy forum:

    Case name: Conservatorship of Grover Burnett St., Grover Burnett, Jr., Conservator, etc. v. Marcus J. Sampson, et al.
    Docket number: BP096574
    Court or agency where pending: Los Angeles County Superior Court, Central District

2. **Case History:**
    a. ☒ A voluntary ☐ An involuntary petition under Chapter ☒ 7 ☐ 11 ☐ 12 ☐ 13
       was filed on *(specify date)*: 9/26/09
    b. ☐ An Order of Conversion to Chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13
       was entered on *(specify date)*:
    c. ☐ Plan was confirmed on *(specify date)*:
    d. ☐ Other bankruptcy cases affecting this action have been pending within the past two years. See attached Declarations.
    e. For additional case history, see attached continuation page.

3. **Grounds for Relief from Stay:** Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Non-bankruptcy Action to final judgment in the non-bankruptcy forum for the following reasons:
    a. ☐ The bankruptcy case was filed in bad faith specifically to delay, hinder or interfere with prosecution of the Non-bankruptcy Action.
    b. ☐ The claim is insured. Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor(s) or estate property.
    c. ☐ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor(s) or estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.
    d. ☐ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor(s) or estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.
    e. ☐ The claims are non-dischargeable in nature and can be most expeditiously resolved in the non-bankruptcy forum.
    f. ☐ The claims at issue arise under non-bankruptcy law and can be most expeditiously resolved in the non-bankruptcy forum.
    g. ☒ Other reasons to allow the Non-bankruptcy Action to proceed are set forth in an attached Declaration.

4. ☐ Movant also seeks annulment of the stay so that filing of the bankruptcy petition does not affect any and all of the enforcement actions that were taken after the filing of the bankruptcy petition in this case, as specified in the attached Declaration(s).

5. **Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto.)*
    a. ☒ Movant submits the attached Declaration(s) to provide evidence in support of this Motion pursuant to Local Bankruptcy Rules.
    b. ☐ Movant requests that the Court consider as admissions the statements made by Debtor(s) under penalty of perjury concerning Movant's claims set forth in Debtor's(s') Schedules. Authenticated copies of the relevant portions of the Schedules are attached as Exhibit _____.

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                                                                          **F 4001-1M.NA**

Motion for Relief from Stay (Non-bankruptcy Action) - *Page 4 of* 30    **F 4001-1M.NA**

| In re<br>MARCUS J. SAMPSON II | (SHORT TITLE)<br>Debtor(s). | CHAPTER: 7<br>CASE NO.: 2:08-BK-25932-SB |
|---|---|---|

    c. ☐ Other evidence *(specify)*:

6. ☒ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**WHEREFORE, Movant prays that this Court issue an Order granting the following:**

1. Relief from the stay to Movant (and its successors and assigns, if any) *(check boxes re all applicable relief requested)*:
    a. ☐ Terminating the stay as to Debtor(s) and Debtor's(s') bankruptcy estate.
    b. ☐ Annulling the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).
    c. ☒ Modifying or conditioning the stay as set forth in the attached continuation page:

2. Allowing Movant to proceed under applicable non-bankruptcy law to enforce its remedies to proceed to final judgment in the non-bankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against Debtor(s) or estate property.

3. ☒ Additional provisions requested:
    a. ☒ That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.
    b. ☒ That the 14-day stay prescribed by Bankruptcy Rule 4001(a)(3) be waived.
    c. ☐ That the Extraordinary Relief be granted as set forth in the Attachment *(attach Optional Court Form F 4001-1M.ER)*.
    d. ☐ For other relief requested, see attached continuation page.

4. If relief from stay is not granted, Movant respectfully requests the Court to order adequate protection.

Dated: 12/30/09    Respectfully submitted,

WELLS FARGO BANK
*Movant Name*

ANDERSON, McPHARLIN & CONNERS LLP
*Firm Name of Attorney for Movant (if applicable)*

By: _____
*Signature*

Name:    D. DAMON WILLENS
*Typed Name of Individual Movant or Attorney for Movant*

---

Motion for Relief from Stay (Non-bankruptcy Action) - *Page 5 of* 30   **F 4001-1M.NA**

| In re (SHORT TITLE)<br>**MARCUS J. SAMPSON II**   Debtor(s). | CHAPTER: 7<br>CASE NO.: 2:08-BK-25932-SB |
|---|---|

## DECLARATION RE ACTION IN NON-BANKRUPTCY FORUM
### (MOVANT: WELLS FARGO BANK, N.A.)

I, **D. DAMON WILLENS**, declare as follows:
*(Print Name of Declarant)*

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding the state court lawsuit, administrative proceeding, or other action in a non-bankruptcy forum ("Non-bankruptcy Action") that is the subject of this Motion because:
   a. ☐ I am the Movant.
   b. ☒ I am the Movant's attorney of record in the Non-bankruptcy Action.
   c. ☐ I am employed by the Movant as *(state title and capacity)*:
   d. ☐ Other *(specify)*:

2. I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the Non-bankruptcy Action. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the Court if required.

3. The Non-bankruptcy Action at issue is currently pending as:
   Case name: Conservatorship of Grover Burnett Sr., Grover Burnett, Jr. Conservator, etc. v. Marcus J. Sampson, et al.
   Docket number: BP096574
   Court or agency where pending: Los Angeles County Superior Court, Central District

4. **Procedural Status:**
   a. The causes of action pleaded in the non-bankruptcy forum are *(list)*: First Count: Fraudulent Transfer of Property; Second Count: Undue Influence; Third Count: Forgery

   True and correct copies of the pleadings filed before the non-bankruptcy forum are attached hereto as Exhibit __1__.

   b. The Non-bankruptcy Action was filed on *(specify date)*: 9/25/08
   c. Trial or hearing began/is scheduled to begin on *(specify date)*: n/a
   d. The trial or hearing is estimated to require the following number of court days *(specify)*: n/a
   e. Other defendants to the Non-bankruptcy Action are *(specify)*: Marcus J. Sampson; Thomas C. Sampson; Glen Baker; Donna R. Daniels; Paul Frye; Phyllis Frye; Jorge Quinteros; Chris Nwadiwe; Dena S. Givens; P.J. Bowman; **

5. **Grounds for relief from stay:**
   a. ☐ The claim is insured. The insurance carrier and policy number are *(specify)*:

***Idelia G. Ramos; Hillsdale Funding LLC; WMC Mortgage Corporation; Weger Mortgage Corporation; Long Beach Mortgage Company; ARgent Mortgage Company, LLC; Fremont Investment & Loan; Home Loan Mortgage Company; Superior Improvements Systems; Southwest Escrow Corporation; Wells Fargo Bank, NA, Citi Mortgage Corporation, all persons unknown, claiming any legal or equitable right, title, estate, lien or interest in the property describe in the petition adverse to this Petitioner's title, or any cloud on Petitioner's title thereto, and Does 1 through 50, inclusive

*(Continued on next page)*

Motion for Relief from Stay (Non-bankruptcy Action) - *Page 6 of* 30    **F 4001-1M.NA**

| In re                          (SHORT TITLE) | CHAPTER: 7 |
|---|---|
| MARCUS J. SAMPSON II                                              Debtor(s). | CASE NO.: 2:08-BK-25932-SB |

b. ☐ The matter can be tried more expeditiously in the non-bankruptcy forum.

   (1) ☐ It is currently set for trial on:

   (2) ☐ It is in advanced stages of discovery and Movant believes that it will be set for trial by *(specify date)*:
The basis for this belief is *(specify)*:

   (3) ☐ The matter involves non-debtor parties who are not subject to suit in the bankruptcy court.  A single trial in the non-bankruptcy forum is the most efficient use of judicial resources.

c. ☐ The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the Non-bankruptcy Action.

   (1) ☐ Movant is the only creditor (or the only substantial creditor) scheduled by the Debtor(s).

   (2) ☐ The timing of the petition filing shows that it was intended to delay or interfere with the Non-bankruptcy Action based upon the following facts *(specify)*:

   (3) ☐ Debtor(s) does(do) not have a reasonable likelihood of reorganizing in this Chapter ☐ 11 ☐ 13    bankruptcy case based upon the following facts *(specify)*:

d. ☒ For other facts justifying relief from stay, see attached continuation page.

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on** December 30 , 2009 , at Los Angeles _____ *(city, state)*.

D. DAMON WILLENS
*Print Declarant's Name*

*(signature)*
*Signature of Declarant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                                                                           **F 4001-1M.NA**

Motion for Relief from Stay (Non-bankruptcy Action) - Page 7 of 30    **F 4001-1M.NA**

| In re | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| MARCUS J. SAMPSON II | Debtor(s). | CASE NO.: 2:08-BK-25932-SB |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
444 S. Flower St., 31st Floor, Los Angeles, CA 90071

A true and correct copy of the foregoing document described as <u>NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 USC § 362</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>12/31/09</u> I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☑ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On <u>12/31/09</u> I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

**Via U.S. Mail**
The Honorable Sheri A. Bluebond
U.S. Bankruptcy Court, Central District
255 E. Temple St.
Los Angeles, CA 90012

☑ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 12/31/09 | Lynn V. Mendiola | /s/ Lynn V. Mendiola |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009    **F 4001-1M.NA**

| In re:<br>MARCUS J. SAMPSON II<br><br>Debtor(s). | CHAPTER 7<br><br>CASE NUMBER: 2:08-BK-25932-SB |
|---|---|

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- Marc Andrews — sandra.g.mcmasters@wellsfargo.com
- J. Sheldon Capeloto — jcapeloto@capelotolaw.com
- James A. Dumas, Jr. — jamedumas@aol.com
- Helen R. Frazer — hfrazer@aalrr.com
- John P. Pringle — jpringle@ecf.epiqsystems.com
- Paul L. Lee — pel@pellawoffice.com
- Brian A. Paino — ecfcacb@piteduncan.com
- Guy Leemhuis — guyleemhuis@ca.rr.com
- Yaron Shaham — yshaham@wolfewyman.com

II. **SERVED BY U.S. MAIL**

Jack Walter Kortz, Esq.
16218 Whittier Blvd.
Whittier, CA 90603

Clinton T. Irving, Esq.
Law Offices of Clinton Irving
5601 W. Slauson Ave., Suite 244
Culver City, CA 90230

Christopher E. Deal, Esq.
Gregory C. Hill, Esq.
17911 Von Karman Ave.
Irvine, CA 92614

Michael J. Fox, Esq.
Pite Duncan, LLP
1820 E. 1st St., Suite 420
Santa Ana, CA 92705

Kelly A. Beall, Esq.
Wolfe & Wyman LLP
5 Park Plaza, #1100
Irvine, CA 92614

Stephen E. Webber, Esq.
P. O. Box 3497
Glendale, CA 91221

Irving P. Reifman
11601 Wilshire Blvd., #1830
Los Angeles, CA 90025

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

**F 9013-3.1**

Case 2:08-bk-25932-SB    Doc 52    Filed 01/04/10    Entered 01/04/10 09:22:15    Desc
                         Main Document    Page 9 of 15

In re MARCUS J. SAMPSON II, Debtors    Page 9 of 30                                Chapter 7
Attachment to Declaration F4001-1M.NA Item 5.a.                    Case No. 2:08-BK-25932-SB

# DECLARATION

# (ATTACHMENT ITEM 5.a.)

According to the allegations in the conservatorship petition to determine ownership, Mr. Burnett was a successful real estate broker and owned numerous properties in addition to the above-mentioned property. Beginning in 2003 and continuing through 2006, Mr. Burnett's health allegedly declined and he began to suffer from dementia and other mental health issues. Marcus Sampson was employed by Mr. Burnett as a property manager during that period. The petition alleges that Mr. Sampson, with the assistance of various other relatives, notaries, and escrow companies, knew that Mr. Burnett was unable to manage his affairs and conspired to defraud Mr. Burnett out of approximately 13 properties. Additionally, the petition alleges that defendants forged various signatures of Mr. Burnett in some of the conveyances. The petition alleges that defendants exerted undue influence over Mr. Burnett and that he did not have the mental capacity to convey any of the properties at issue.

On or about March 4, 2006, Mr. Burnett was found to lack the capacity to manage his affairs and was placed under a conservatorship.

As a result of these alleged acts by respondents, the Conservatorship seeks to Determine Ownership and Quiet Title in all of the 13 properties mentioned in the petition, and seeks double damages pursuant to Probate Code section 859 for respondents' intentional and bad faith taking of Mr. Burnett's property.

Respondent Wells Fargo, N.A. owns a first priority Deed of Trust on one of the properties at issue, 1313 West 54th Street, Los Angeles. Mr. Burnett was the record owner of the West 54th Street property as of May 2004, when a Grant Deed was filed conveying the property to Thomas Clarence Sampson. The property was then conveyed on multiple occasions between 2004 and 2006, including transfers from Thomas Sampson to Marcus Sampson, then to Mr. Sampson's company Superior Improvement Systems, and then back to Marcus Sampson. Specifically, Superior Improvement Systems conveyed the property to Marcus Sampson via Grant Deed recorded June 30, 2006. Marcus J. Sampson obtained a loan of $146,000 from Wells Fargo Bank secured by a Deed of Trust recorded June 30, 2006.

9

Case 2:08-bk-25932-SB    Doc 52    Filed 01/04/10    Entered 01/04/10 09:22:15    Desc
                         Main Document    Page 10 of 15

In re MARCUS J. SAMPSON II, Debtors    Page 10 of 30                Chapter 7
Attachment to Declaration F4001-1M.NA Item 5.a.         Case No. 2:08-BK-25932-SB

1  The First Amended Petition for Determination of Ownership filed by Conservatorship of
2  Grover Burnett, Sr., was stayed indefinitely as a result of Marcus J. Sampson's Chapter 7
3  bankruptcy proceedings. The Probate Court has stayed all discovery while the bankruptcy
4  proceedings are pending.

5  <u>Respondent Wells Fargo seeks relief from the bankruptcy stay only to subpoena third-party
6  records. Specifically, Wells Fargo seeks to subpoena the escrow, title, loan and notary files
7  concerning the properties at issue. It is imperative that these records be subpoenaed expeditiously,
8  as these files are only legally required to be maintained for five years after the transactions and
9  Respondent is concerned that the records will be destroyed during the discovery stay. Most of the
10 property transactions at issue took place in 2003 and 2004, which means that the time within
11 which these entities are required to maintain these records has already expired. Additionally,
12 Wells Fargo seeks relief from the bankruptcy stay in order to subpoena Mr. Burnett's medical
13 records, to explore his mental capacity to make the transfers of the properties at issue.</u>

14 The above-mentioned documents are relevant to the issues set forth in Mr. Burnett's
15 petition and are necessary to investigate the facts and circumstances surrounding the property
16 transfers at issue, including Petitioner's allegations of forgery and Petitioner's capacity to make the
17 transfers.

18 None of these subpoenas will affect or prejudice Mr. Sampson or the bankruptcy
19 proceedings in any way. Conversely, if Respondent is not allowed to subpoena the above-
20 mentioned third-party records as a result of what has been a lengthy discovery stay, Respondent
21 will be severely prejudiced by the inability to obtain highly relevant and discoverable documents
22 pertaining to the property transfers at issue in the non-bankruptcy case.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATUS OF STATE COURT PROCEEDINGS

On May 28, 2008, the Conservatorship of Grover Burnett, Sr. ("Burnett") filed a petition in the Los Angeles County Superior Court, Case No. BP 096574, *Grover Burnett Jr., Conservator of the Person and Co-Conservator of the Estate of Grover Burnett Sr. v. Marcus J. Sampson, et al.* for Determination of Ownership of Property ("Superior Court Action"). The respondents to the lawsuit include Marcus J. Sampson; Thomas C. Sampson; Glen Baker; Donna R. Daniels; Paul Frye; Phyllis Frye; Jorge Quinteros; Chris Nwadiwe; Dena S. Givens; P.J. Bowman; .Idelia G. Ramos; Hillsdale Funding LLC; WMC Mortgage Corporation; Weger Mortgage Corporation; Long Beach Mortgage Company; Argent Mortgage Company, LLC; Fremont Investment & Loan; Home Loan Mortgage Company; Superior Improvements Systems; Southwest Escrow Corporation; and Does 1 through 50, inclusive.

Further, on September 25, 2008, Burnett filed its First Amended Petition for Determination of Ownership of Property ("FAP"). The respondents to the FAP include Marcus J. Sampson; Thomas C. Sampson; Glen Baker; Donna R. Daniels; Paul Frye; Phyllis Frye; Jorge Quinteros; Chris Nwadiwe; Dena S. Givens; P.J. Bowman; Idelia G. Ramos; Hillsdale Funding LLC; WMC Mortgage Corporation; Weger Mortgage Corporation; Long Beach Mortgage Company; Argent Mortgage Company, LLC; Fremont Investment & Loan; Home Loan Mortgage Company; Superior Improvements Systems; Southwest Escrow Corporation; Wells Fargo Bank, NA,; Citi Mortgage Corporation, all persons unknown, claiming any legal or equitable right, title, estate, lien or interest in the property describe in the petition adverse to this Petitioner's title, or any cloud on Petitioner's title thereto, and Does 1 through 50, inclusive.

On September 26, 2008, the Superior Court stayed the Superior Court Action as a result of Marcus J. Sampson's Chapter 7 bankruptcy filing. That stay has remained in effect.

## II. FACTUAL ISSUES

According to the allegations in the conservatorship petition to determine ownership, Mr. Burnett was a successful real estate broker and owned numerous properties in addition to the above-mentioned property. Beginning in 2003 and continuing through 2006, Mr. Burnett's health

1 allegedly declined and he began to suffer from dementia and other mental health issues. Marcus
2 Sampson was employed by Mr. Burnett as a property manager during that period. The petition
3 alleges that Mr. Sampson, with the assistance of various other relatives, notaries, and escrow
4 companies, knew that Mr. Burnett was unable to manage his affairs and conspired to defraud
5 Mr. Burnett out of approximately 13 properties. Additionally, the petition alleges that defendants
6 forged various signatures of Mr. Burnett in some of the conveyances. The petition alleges that
7 defendants exerted undue influence over Mr. Burnett and that he did not have the mental capacity
8 to convey any of the properties at issue.

9 On or about March 4, 2006, Mr. Burnett was found to lack the capacity to manage his
10 affairs and was placed under a conservatorship.

11 As a result of these alleged acts by respondents, the Conservatorship seeks to Determine
12 Ownership and Quiet Title in all of the 13 properties mentioned in the petition, and seeks double
13 damages pursuant to Probate Code section 859 for respondents' intentional and bad faith taking of
14 Mr. Burnett's property.

15 Respondent Wells Fargo, N.A. owns a first priority Deed of Trust on one of the properties
16 at issue, 1313 West 54th Street, Los Angeles. Mr. Burnett was the record owner of the West 54th
17 Street property as of May 2004, when a Grant Deed was filed conveying the property to Thomas
18 Clarence Sampson. The property was then conveyed on multiple occasions between 2004 and
19 2006, including transfers from Thomas Sampson to Marcus Sampson, then to Mr. Sampson's
20 company Superior Improvement Systems, and then back to Marcus Sampson. Specifically,
21 Superior Improvement Systems conveyed the property to Marcus Sampson via Grant Deed
22 recorded June 30, 2006. Marcus J. Sampson obtained a loan of $146,000 from Wells Fargo Bank
23 secured by a Deed of Trust recorded June 30, 2006.

24 **III. LEGAL ISSUES**

25 The Conservatorship of Grover Burnett, Sr. claims that Wells Fargo's lien on the 1313 W
26 54th Street property is invalid because Mr. Burnett lacked the capacity to transfer the property in
27 May, 2004 to Thomas Clarence Sampson. Wells Fargo denies this, and also alleges that Wells
28 Fargo was a bona fide encumbrancer.

765923.1 5287.099

Wells Fargo also contends that is has an equitable lien by operation of the law of subrogation to revive the prior lien that was released based on the new lender's belief and understanding that the new loan would be secured by a new first trust deed secured by the property. Wells Fargo had no actual knowledge or notice of the claims of Mr. Burnett now being asserted. Wells Fargo also had no actual knowledge or notice of any fraud by Mr. Sampson or anyone else relating to prior loans or payoffs on prior loans on this property.

The general rule regarding equitable liens in California is articulated in *Katsivalis v. Serrano Reconveyance Company* (1977) 78 Cal. App. 3d 200, 210. In that opinion, the Court of Appeals stated:

> One who advances money to pay off an encumbrance on realty at the instance of either the owner of the property or the holder of the encumbrance, either on the express understanding, or under circumstances from which an understanding will be implied, that the advance made is to be secured by a first lien on the property, is not a mere volunteer; and in the event the new security is for any reason not a first lien on the property, the holder of such security, if not chargeable with culpable and inexcusable neglect, <u>will be subrogated to the rights of the prior encumbrance under the security held by him,</u> unless the superior or equal equities of others would be prejudiced thereby, equity will set aside a cancellation of such security and revive the same for his benefit' . . . [Emphasis added.]

Accord, see, Miller & Starr, Cal. Real Estate (3d ed.) §§10:27 through 10:31, 11:99, 11:106; Witkin, Summary of Cal. Law (10th ed.), Secured Transactions in Real Property, Vol. 4 §§14 through 7.

Similarly, in *Jones v. Sacramento Savings & Loan Assn.* (1967) 248 Cal. App. 2d 522, the Court of Appeals stated that:

> . . .the general doctrine, that equity will create a lien on property where this is necessary to accomplish justice, is not confined to situations involving defective mortgages, but extends to any case where parties attempt to make properties security for an obligation. [citations.] In some cases, the lien is created as a desirable remedy though the parties did not in fact intend to make the property security for an obligation; e.g., where the object is to <u>prevent unjust enrichment</u>. [citations.] (Emphasis in original.)

*Jones v. Sacramento Savings & Loan Assn.* (1967) 248 Cal. App. 2d 522 at 529.

The *Jones* court continued:

13

> A general doctrine of equity permits imposition of equitable lien where the claimant expenditure has benefited another's property under circumstances entitling the claimant to restitution. [citations.] A specific application of the doctrine occurs when a lender advances money which benefits the lien of another in mistaken reliance upon an imperfect mortgage or lien upon that land. (*Id.* at 530.)
>
> . . .
>
> Equity imposes a lien . . . not to vindicate a wrong but to prevent unjust enrichment. The objective may be accomplished by decree impressing the lien but without demanding an immediate sale.

(Id. at 531.) Accord, see also, *Snyder v. Basinger* (1976) 61 Cal. App. 3d 819, *Smith v. State Savings and Loan* (1985) 175 Cal. App. 3d 1092.

## IV.   THIS COURT SHOULD LIFT THE STAY TO PERMIT DOCUMENT SUBPOENAS TO BE ISSUED IN THE PROBATE COURT PROCEEDINGS.

Bankruptcy courts may abstain from hearing disputes that are only tangentially related to bankruptcy cases. With regard to litigation such as the present pending in a non-bankruptcy forum, most courts use a multi-factor balancing test to determine the issue of "cause" to lift the stay. See, *In re Sonnax Indus. Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990). Issues of judicial economy weigh heavily in lifting the stay. See, *In re Santa Clara County Fair Association, Inc.*, 180 B.R. 564, 566 (9th Cir. BAP 1995). Likewise, relief from stay is justified where the debtor is just one of multiple parties. See, *In re Hoffman*, 33 BR 937, 941 (BC W.D. Ok. 1983); see also, *In re Castlerock Properties*, 781 F.2d 159, 163 (9th Cir. 1986).

Here, it would be appropriate to lift the stay to allow Wells Fargo to subpoena the third-party escrow, title, loan and notary files for the properties at issue. It is imperative that these records be subpoenaed expeditiously, as these files are only legally required to be maintained for five years after the transactions and Respondent is concerned that the records will be destroyed during the discovery stay. Most of the property transactions at issue took place in 2003 and 2004, which means that the time within which these entities are required to maintain these records has already expired. Additionally, Wells Fargo seeks relief from the bankruptcy stay in order to subpoena Mr. Burnett's medical records, to explore his mental capacity to make the transfers of the properties at issue.

1  The above-mentioned documents are relevant to the issues set forth in Mr. Burnett's petition and are necessary to investigate the facts and circumstances surrounding the property transfers at issue, including Petitioner's allegations of forgery and Petitioner's capacity to make the transfers.

None of these subpoenas will affect or prejudice Mr. Sampson or the bankruptcy proceedings in any way. Conversely, if Respondent is not allowed to subpoena the above-mentioned third-party records as a result of what has been a lengthy discovery stay, Respondent will be severely prejudiced by the inability to obtain highly relevant and discoverable documents pertaining to the property transfers at issue in the non-bankruptcy case.

DATED: December 30, 2009        ANDERSON, McPHARLIN & CONNERS LLP


By:        /s/ D. Damon Willens
    Jesse S. Hernandez
    D. Damon Willens
Attorneys for Respondent